NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3038

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

David Dean, of Lugoff, South Carolina, pro se.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3038

DAVID DEAN,

Petitioner,

v.

CONSUMER PRODUCT SAFETY COMMISSION,

Respondent.

_____

DECIDED:  February 28, 2007
_____

Before NEWMAN, MAYER, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

David Dean petitions for review of the decision of the Merit Systems Protection Board, Docket Nos. AT3443050147-I-1 and AT3443050179-I-1, dismissing his claims for failure to state a claim for which relief can be granted.  We vacate the decision of the Board and remand for further proceedings.

DISCUSSION

Mr. Dean, a disabled veteran, applied for the position of Products Safety Investigator with the Consumer Products Safety Commission (the Agency) in Columbia, South Carolina. The seven page notice announcing the position contained, on the sixth page, the following statement:

> Status candidates and individuals who are eligible for special hiring authorities, who wish to be considered under both merit promotion or special hiring authority and competitive procedures, MUST submit two (2) complete applications. If one application is received, it will only be considered under the special hiring authority or the merit promotion procedure.

Mr. Dean applied for the position, by covering letter identified himself as a 30% disabled, preference-eligible veteran, and requested that his application be considered for "non-competitive appointment under applicable non-competitive appointment authorities." In his initial mailing he submitted only one application. Mr. Dean states that he subsequently realized his mistake and submitted two more applications, and he submitted to the Board the affidavits of two witnesses who averred that they saw him place the additional applications in the mail. The Agency stated that only one application was received, and the Board so found. This disputed issue of fact raises questions of credibility, which the Board resolved against Mr. Dean. We have no basis on which to overturn the Board's determination of this issue.

The Agency developed two lists of candidates for the position, one a "competitive" list of ranked candidates and the other a "non-competitive" list of candidates. Mr. Dean's application was placed on the non-competitive list. His candidacy apparently received no consideration, for the position was filled from the other list.

2007-3038                                         2

The administrative judge dismissed his appeal for failure to state a claim upon which relief can be granted. The full Board denied review, with Chairman McPhie filing an opinion raising concerns about the use of two lists. He states that the Board has never ruled on whether this procedure is acceptable under federal employment law, and expresses concern that persons such as disabled veterans must either submit multiple applications or encounter the possibility of not even being considered for the announced position. However, the Board did not review the procedure, and sustained the dismissal.

Mr. Dean alleges violation of the Veterans Employment Opportunities Act, 5 U.S.C. §3330a ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4324 ("USERRA"). The Agency states that Mr. Dean was placed on the non-competitive list at his request, and that "he was placed on the non-competitive appointment list where veterans' preferences do not apply." Respondent's Brief at 9. The Agency does not explain why it establishes two separate lists and then selects from only one, discarding the other. The Agency does not dispute that no one on the non-competitive list was ranked or given further consideration unless he had submitted two applications and requested placement on both lists. Mr. Dean challenges the practice of creating two hiring lists and then using only one list as a source of eligible candidates. He states that the procedure enables the Agency to manipulate appointments, to circumvent merit selection, and to discriminate against disabled veterans, whose statutory preference would otherwise give the veteran an advantage. Mr. Dean states that this procedure deprived him of the opportunity and right to compete for the position, violating both the VEOA and USERRA, and is per se discriminatory.

The record is undeveloped, and the Agency did not explain the reasons for this procedure. However, in view of the impact on Mr. Dean (whose application apparently received no consideration), and given Mr. Dean's veteran's preference status, the procedure on its face raises questions. We conclude that the Board erred in declining Mr. Dean's request to consider the validity of the procedure as practiced by the Agency.

We vacate the decision of the Board, and remand for determination of whether the Agency's practice is in accordance with law and merit principles.